Jesse A.P. Baker (SBN 100017)
jbaker@aldridgepite.com
**ALDRIDGE PITE, LLP**
1050 SW 6th Avenue
Suite 1100
Portland, OR 97204
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

Attorneys for *Defendants*
Rushmore Loan Management Services, LLC and
U.S. Bank National Association, not in its Individual
Capacity, but Solely as Trustee for the RMAC Trust,
Series 2016-CTT *erroneously sued as* U.S. Bank
National Association, in its Capacity as Trustee for
RMAC Trust Series 2016-CTT

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF OREGON – EUGENE DIVISION

| | |
|---|---|
| In re<br><br>KIMBERLY RAQUEL ROLES-HEINTZ,<br><br>Debtor. | Case No. 22-61663-tmr13<br><br>Chapter 13<br><br>Adv. Case No. 6:23-ap-06018-tmr |
| KIMBERLY RAQUEL ROLES-HEINTZ,<br><br>Plaintiff,<br><br>vs.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC, A DELWARE LIMITED LIABILITY COMPANY; U.S. BANK NATIONAL ASSOCIATION, IN ITS CAPACITY AS TRUSTEE FOR RMAC TRUST SERIES 2016-CTT,<br><br>Defendants. | **ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF SPECIFIC PERFORMANCE BREACH OF CONTRACT, VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, VIOLATION OF OREGON UNLAWFUL TRADE PRACTICES ACT** |

Defendants Rushmore Loan Management Services, LLC ("Rushmore") and U.S. Bank National Association, not in its Individual Capacity, but Solely as Trustee for the RMAC Trust, Series 2016-CTT *erroneously sued as* U.S. Bank National Association, in its Capacity as Trustee for RMAC Trust Series 2016-CTT ("RMAC Trust") (Rushmore and RMAC Trust may be referred to collectively herein as "Defendants") hereby submit their Answer plaintiff Kimberly Raquel Roles-

Heintz's ("Plaintiff") First Amended Complaint ("FAC") for Declaratory Relief Specific Performance Breach of Contract, Violation of Fair Debt Collection Practices Act, Violation of Oregon Unlawful Trade Practices Act filed on May 16, 2023, as follows:

**INTRODUCTION**

1. Defendants admit Defendants did not object to the FAC. Defendants state the Court record speaks for itself and deny any allegation set forth in said paragraph that is inconsistent therewith. Defendants consent to the entry of final orders and Judgment by this Court on all claims.

**JURISDICTION and Venue**

2. The allegations in said paragraph constitute a legal conclusion for which no response is required and the record speaks for itself as to the filing of Defendants' Proof of Claim. To the extent a response is required, Defendants admit the real property at issue is located in the state of Oregon, venue is proper, and this Court has jurisdiction over Plaintiff's claims. Defendants deny the remaining allegations in said paragraph.

**PARTIES**

3. Defendants admit Plaintiff is the debtor in the Chapter 13 bankruptcy case filed November 23, 2022, case number 22-61663-thp13. Defendants are without information and/or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph. Therefore, Defendants deny the remaining allegations as contained in said paragraph.

4. Defendants admit Rushmore is Delaware limited liability company that services loans. Defendants further admit Rushmore's principal place of business is Irving, Texas. Defendants are without information and/or knowledge sufficient to form a belief as to the truth of the allegation whether Capital One Financial Corporation's principal operating subsidiary, its domicile, and/or principal place of business. Therefore, Defendants deny said allegations. Defendants deny the remaining allegations in said paragraph.

5. Defendants admit RMAC Trust is a national banking association and serves as trustee for the RMAC Trust Series 2016-CTT. Defendants further admit RMAC Trust owns the subject loan

and has a contractual relationship with various mortgage servicers. Defendants deny the remaining allegations in said paragraph.

## SUMMARY OF CLAIMS

6. The allegations in said paragraph constitute a legal conclusion for which no response is required. To the extent a response is required, Defendants are without information and/or knowledge sufficient to form a belief as to the truth of the allegations contained in said paragraph. Therefore, Defendants deny the allegations as contained in said paragraph

7. Defendants admit on or about August 13, 2007, Plaintiff obtained a mortgage loan from ING Bank, FSB, which was the prior record beneficiary of the Deed of Trust encumbering the subject property.

8. The allegations in said paragraph constitute a legal conclusion for which no response is required.

9. The allegations in said paragraph constitute a legal conclusion for which no response is required.

10. The allegations in said paragraph constitute a legal conclusion for which no response is required.

## FACTUAL ALLEGATIONS

11. Defendants admit on or about August 13, 2007, Plaintiff obtained a mortgage loan from ING Bank, FSB, which was memorialized by an Interest Only Adjustable Rate Note, and secured by a Deed of Trust encumbering the real property located at 5850 Greenstone Ct. SE, Salem, Oregon 97306 ("Property"), which is in Marion County. Defendants are without information and/or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph. Therefore, Defendants deny the remaining allegations as contained in said paragraph.

12. Defendants are without information and/or knowledge sufficient to form a belief as to the truth of the allegations contained in said paragraph. Therefore, Defendants deny the allegations as contained in said paragraph.

13. Defendants admit on or about December 12, 2017, the beneficial interest under the Deed of Trust was assigned to RMAC Trust. Defendants further admit RMAC Trust held the beneficial interest under the Deed of Trust as of the Petition Date.

14. Defendants admit Rushmore is the current servicer of the subject loan for RMAC Trust. Defendants state the reference to Regulation X, 12 CFR §1024.2 is a legal conclusion for no response is required. Defendants are without information and/or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph. Therefore, Defendants deny the remaining allegations as contained in said paragraph.

15. Defendants admit Capital One previously serviced the subject loan. Defendants state the reference to Regulation X, 12 CFR §1024.2 is a legal conclusion for no response is required. Defendants are without information and/or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph. Therefore, Defendants deny the remaining allegations as contained in said paragraph.

16. Defendants are without information and/or knowledge sufficient to form a belief as to the truth of the allegations contained in said paragraph. Therefore, Defendants deny the allegations as contained in said paragraph.

17. Defendants are without information and/or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph. Therefore, Defendants deny the allegations as contained in said paragraph.

18. Defendants are without information and/or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph. Therefore, Defendants deny the allegations as contained in said paragraph.

19. Defendants are without information and/or knowledge sufficient to form a belief as to the allegation that Capital One "marked up" the Mortgage Loan Modification Agreement that is attached as Exhibit 3 to the FAC. Therefore, Defendants deny said allegation. Defendants deny the remaining allegations in said paragraph.

20. Defendants state the Court record speaks for itself and deny any allegation set forth in said paragraph that is inconsistent therewith. Defendants deny the remaining allegations in said paragraph.

21. Defendants are without information and/or knowledge sufficient to form a belief as to the truth of the allegations contained in said paragraph. Therefore, Defendants deny the allegations as contained in said paragraph.

22. Defendants state the Court record speaks for itself and deny any allegation set forth in said paragraph that is inconsistent therewith. Defendants deny the remaining allegations in said paragraph.

23. Defendants are without information and/or knowledge sufficient to form a belief as to the truth of the allegations contained in said paragraph. Therefore, Defendants deny the allegations as contained in said paragraph.

24. Defendants admit that on or about December 1, 2017, servicing of the subject loan was transferred to Rushmore and Rushmore continues to service the subject loan. The remaining allegations in said paragraph constitute legal conclusions for which no response is required.

25. The allegations in said paragraph constitute a legal conclusion for which no response is required.

26. Defendants admit Rushmore received certain documents from Capital One at the time of the service transfer of the subject loan including a copy of the document entitled Mortgage Loan Modification Agreement which is attached as Exhibit 3 to the FAC. Defendants are without information and/or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph. Therefore, Defendants deny the remaining allegations as contained in said paragraph.

27. Defendants admit Rushmore has serviced the subject loan between December 1, 2017 and the present. Defendants are without information and/or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph. Therefore, Defendants deny the remaining allegations as contained in said paragraph.

28. Defendants admit Rushmore received a copy of the document entitled Mortgage Loan Modification Agreement, which is attached as Exhibit 3 to the FAC, at the time of the service transfer from Capital One. Defendants deny the remaining allegations in said paragraph.

29. The allegations in said paragraph constitute a legal conclusion for which no response is required. Notwithstanding the foregoing, Defendants deny the allegations in said paragraph.

30. The allegations in said paragraph constitute a legal conclusion for which no response is required. Notwithstanding the foregoing, Defendants deny the allegations in said paragraph.

31. Defendants admit Rushmore sent Plaintiff mortgage statements for the subject loan which contained a payment amount that was greater than the principal and interest payment amount contained in the Mortgage Loan Modification Agreement that is attached as Exhibit 3 to the FAC. Defendants deny the remaining allegations in said paragraph.

32. Defendants admit Rushmore sent Plaintiff mortgage statements for the subject loan. Defendants are without information and/or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph. Therefore, Defendants deny the remaining allegations as contained in said paragraph.

33. Defendants state the referenced Notice of Default and Election to Sell speaks for itself and deny any allegation set forth in said paragraph that is inconsistent therewith. Defendants admit a Notice of Default and Election to Sell was recorded July 13, 2022, which indicated Plaintiff is in default of her payment obligations under the subject loan. Defendants deny the remaining allegations in said paragraph.

34. Defendants state the referenced Notice of Default and Election to Sell speaks for itself and deny any allegation set forth in said paragraph that is inconsistent therewith. Defendants admit the monthly principal and interest payment amounts for subject loan from the time Rushmore began servicing the subject loan exceed the principal and interest payment amount reflected on the entitled Mortgage Loan Modification Agreement, which is attached as Exhibit 3 to the FAC. Defendants deny the remaining allegations in said paragraph.

35. Defendants admit the recorded Notice of Default and Election to Sell indicated a foreclosure sale date of November 29, 2022.

36. Defendants admit Rushmore received correspondence dated October 20, 2022 from counsel for Plaintiff entitled Notice of Error Pursuant to 12 C.F.R. § 1024.35, which contended errors were identified related to the subject loan.

37. Defendants admit Rushmore received correspondence dated October 20, 2022 October 20, 2022 entitled "Notice of Error Pursuant to 12 C.F.R. § 1024.35."

38. Defendants deny the allegations in said paragraph.

39. Defendants admit Plaintiff filed the instant Chapter 13 bankruptcy case. Defendants are without information and/or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph. Therefore, Defendants deny the remaining allegations as contained in said paragraph.

40. Defendants state the Court record speaks for itself and deny any allegation set forth in said paragraph that is inconsistent therewith. Defendants admit the document entitled Mortgage Loan Modification Agreement, which is attached as Exhibit 3 to the FAC, was not attached to the Proof of Claim.

41. Defendants deny the allegations in said paragraph.

42. Defendants deny the allegations in said paragraph.

43. Defendants deny the allegations in said paragraph.

## FIRST CAUSE OF ACTION

**(Declaratory Relief)**

44. Defendants incorporate by reference their responses to paragraphs 1 through 43 as though fully set forth herein.

45. Defendants deny the allegations in said paragraph.

46. Defendants deny the allegations in said paragraph.

47. Defendants deny the allegations in said paragraph.

/././

## SECOND CAUSE OF ACTION

### (Specific Performance)

48. Defendants incorporate by reference their responses to paragraphs 1 through 47 as though fully set forth herein.

49. Defendants are without information and/or knowledge sufficient to form a belief as to the truth of the allegations contained in said paragraph. Therefore, Defendants deny the allegations as contained in said paragraph.

50. Defendants deny the allegations in said paragraph.

## THIRD CAUSE OF ACTION

### (Breach of Contract)

51. Defendants incorporate by reference their responses to paragraphs 1 through 50 as though fully set forth herein

52. The allegations in said paragraph constitute a legal conclusion for which no response is required.

53. Defendants deny the allegations in said paragraph.

54. Defendants deny the allegations in said paragraph.

55. Defendants deny the allegations in said paragraph.

56. Defendants deny the allegations in said paragraph.

## FOURTH CLAIM FOR RELIEF

### (Fair Debt Collection Practices Act – Rushmore)

57. Defendants incorporate by reference their responses to paragraphs 1 through 56 as though fully set forth herein

58. Rushmore denies the allegations in said paragraph.

59. Rushmore denies the allegations in said paragraph.

/././

/././

/././

## FIFTH CLAIM FOR RELIEF

### (Violation of Oregon's Unlawful Trade Practices Act)

60. Defendants incorporate by reference their responses to paragraphs 1 through 59 as though fully set forth herein

61. Defendants deny the allegations in said paragraph.

62. Defendants deny the allegations in said paragraph.

63. Defendants deny the allegations in said paragraph.

64. Defendants deny the allegations in said paragraph.

## PRAYER FOR RELIEF

Defendants deny Plaintiff is entitled to any of the relief requested in the Complaint

## DEFENDANTS' AFFIRMATIVE DEFENSES

As and for distinct and affirmative defenses to each and every purported cause of action alleged in Plaintiff's FAC, and the whole thereof, set forth in the following separate paragraphs, Defendants allege:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Plaintiff's FAC, and each and every alleged cause of action contained therein, fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

Defendants are informed and believe, and thereon allege, if Plaintiff suffered any loss or is entitled to any remedy as alleged in the FAC, which Defendants expressly deny, then Plaintiff is barred from any recovery against Defendants by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

Defendants are informed and believe, and thereon allege, Plaintiff's claims are barred because of its own conduct and/or Plaintiff's conduct. Accordingly, Plaintiff has waived any right to

recover the relief sought.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendants are informed and believe, and thereon allege, if Plaintiff suffered any loss or is entitled to any remedy as alleged in the Complaint, which Defendants expressly deny, then Plaintiff is barred from any recovery by reason of its and/or Plaintiff's own unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

Defendants are informed and believe, and thereon allege, if Plaintiff suffered any loss or is entitled to any remedy as alleged in the FAC, which Defendants expressly deny, Plaintiff is barred from any recovery against Defendants by the doctrine of equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants are informed and believe, and thereon allege, any actions of Defendants alleged in Plaintiff's FAC and each of its purported causes of action were made or taken by Defendants in good faith, honestly, and not maliciously.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Perform)

Under the terms of the contract sued on, Plaintiff was obligated to perform her duties as a condition precedent to the performance of the contracting parties, and that Plaintiff has not performed all the terms and conditions of the contract on her part.

## EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Others)

If Plaintiff sustained any damages as alleged in the FAC, those damages were proximately caused and contributed by others in failing to act in a manner ordinarily expected of reasonable prudent persons in the conduct of their affairs and business.

/././

### NINTH AFFIRMATIVE DEFENSE

### (Breach by Plaintiff)

The contract sued upon, if any, was breached by Plaintiff, thus discharging Defendants' obligation, if any, thereto.

### TENTH AFFIRMATIVE DEFENSE

### (Apportionment)

The matters complained of in the FAC were proximately caused, in whole or in part, by the acts or omissions of a third party or parties or by Plaintiff. Accordingly, the liability of Defendants, responsible parties, named or unnamed, should be apportioned and the liability, if any, of Defendants should be reduced accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Negligence)

The matters complained of in the Complaint were proximately caused, in whole or in part, by the negligence of a third party or parties or Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

### (Lawful Action)

The injuries allegedly suffered by Plaintiff were merely the result of a lawful effort of Defendants to promote their own welfare.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Justification)

The acts or omissions complained of by Plaintiff were justified.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

If Plaintiff sustained any damage as alleged in the FAC, that damage was proximately caused and contributed to by Plaintiff in failing to mitigate her damages. Plaintiff's failure to mitigate her damages bars or diminishes any recovery herein.

/./././

**PRAYER**

WHEREFORE, Defendants pray for judgment or relief against Plaintiff as follows:

1. That Plaintiff take nothing by way of the FAC and Plaintiff's FAC be dismissed with prejudice;

2. Judgment be rendered in favor of Defendants;

3. For reasonable attorneys' fees and costs, and;

4. For such other and further relief as the Court deems proper.

Respectfully submitted,

**ALDRIDGE PITE, LLP**

Dated: January 16, 2024

/s/ *Jesse A.P. Baker*
JESSE A.P. BAKER
Attorneys for Defendant
Rushmore Loan Management Services, LLC