


**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF OREGON**
405 E EIGHTH AVENUE, #2600
EUGENE, OREGON 97401
(541) 431-4050

**Thomas M. Renn**
Chief Bankruptcy Judge

Catherine E. Jedlicka
Law Clerk

Nada A. Selim
Law Clerk

January 28, 2025

VIA ECF ONLY

Michael D. O'Brien
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Parkway, Suite 160
Portland, OR 97223

Daniel R. Kubitz
Schwabe, Williamson & Wyatt, P.C.
1211 SW 5th Ave, Suite 1900
Portland, OR 97204

Re: Kimberly Raquel Roles-Heintz v. Rushmore et al.
Adversary Proceeding No. 23-6018
LETTER OPINION[1] on Defendant Capital One, N.A's Motion to Dismiss

Counsel:

Defendant, Capital One, N.A.,[2] filed a motion to dismiss (ECF No. 23) this adversary proceeding for failure to state a claim in the First Amended Complaint (ECF No. 14). Plaintiff, Kimberly Raquel Roles-Heintz, filed a response to the motion. ECF No. 30. The court held oral argument on the motion and granted the parties leave to file additional briefing on the motion. *See* ECF No. 35. Capital One filed supplemental briefing in support of its motion to dismiss (ECF No. 36) along with a request for judicial notice (ECF No. 37). The court held a hearing on the motion to dismiss at which it granted Capital One's request for judicial notice. ECF No. 38. Capital One did not appear at the hearing, and it later filed a motion for supplemental oral argument (ECF No. 40), which the court denied. *See* ECF No. 41. Pursuant to a Stipulated Judgment of Dismissal with Prejudice, the claims against Rushmore Loan Management Services, LLC, and U.S. Bank National Association, not in its Individual Capacity, but Solely as Trustee for RMAC Trust Series 2016-CTT, are resolved. ECF No. 43. This letter delivers my ruling on Capital One's motion to dismiss.

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.
[2] The First Amended Complaint names Capital One Financial Corporation as a defendant. Capital One, in its motion for extension of time (ECF No. 20) and its motion to dismiss (ECF No. 23) identifies itself as "Capital One, N.A., erroneously sued herein as Capital One Financial Corporation."

Fed. R. Civ. P. (FRCP) 12(b)(6), is made applicable in adversary proceedings by Fed. R. Bankr. P. (FRBP) 7012(b). Pursuant to FRCP 12(b)(6), a complaint will be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a 12(b)(6) motion, the court must accept as true all well-pleaded allegations contained in the complaint, but need not accept as true "conclusory statements, statements of law, or unwarranted inferences cast as factual allegations." *In re Belice,* 461 B.R. 564 (B.A.P. 9th Cir. 2011), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). The court must also draw all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Claims Against Capital One

The First Amended Complaint raises five separate claims for relief. ECF No. 14. Only four of those claims were raised against Capital One, specifically the claims for declaratory relief, specific performance, breach of contract, and violation of the Unlawful Trade Practices Act. ECF No. 14.[3] On June 11, 2024, during oral argument on the motion to dismiss, counsel focused their arguments on Roles-Heintz's third and fifth claims for relief, specifically the claims for breach of contract and for violation of the Unlawful Trade Practices Act. *See* ECF No. 35. During that hearing, Roles-Heintz's counsel confirmed she was no longer seeking relief against Capital One under the second claim for relief (Specific Performance). [4] Although the representation effectively withdrew the claim, I will grant Capital One's motion to dismiss the Second Claim for Relief (Specific Performance).

At the June hearing, Roles-Heintz's counsel also offered to prepare an order cleaning up both the first and second claims for relief, which would be circulated to opposing counsel and lodged with the court. The court never received such an order. After review of Roles-Heintz's first claim for relief, I find it requests determinations that are not related to Capital One. Roles-Heintz alleges that Capital One no longer services the loan in dispute, noting that the loan was transferred to Rushmore, who serviced the loan from December 2017 through the present. *See* ECF No. 14, page 8. However, Roles-Heintz's first claim for relief requests determinations including the outstanding principal balance on the loan and the amount of arrears necessary to bring the loan current. Because these determinations do not relate to Capital One, I will grant Capital One's motion to dismiss for the First Claim for Relief (Declaratory Judgment). Based on the granting of Capital One's motion to dismiss the First Claim for Relief (Declaratory Judgment) and the Second Claim for Relief (Specific Performance), this leaves only two claims

[3] The Fourth Claim for Relief alleged violations of the Federal Fair Debt Collection Practices Act against only Rushmore. ECF No. 14. That claim was included in the Stipulated Judgment of Dismissal with Prejudice. ECF No. 43.

[4] The court also received correspondence from Roles-Heintz, ECF No. 45, noting that her second claim for relief "ought to be dismissed as against Capital One," but that the First, Third, and Fifth claims remain.

against Capital One to address: the Third Claim for Relief (Breach of Contract) and the Fifth Claim for Relief (Violation of Oregon's Unlawful Trade Practices Act – ORS §646.608).

In the First Amended Complaint, Roles-Heintz alleges that on or about August 13, 2007, she borrowed money from ING Bank, FSB, to purchase real property located at 5850 Greenstone Court SE, Salem, Oregon, (the "Property"), which at all times was her principal residence. ECF No. 14, page 4. The loan was memorialized in a promissory note and was secured by a deed of trust. ECF No. 14, pages 4-5. She alleges that the beneficial interest of the loan was eventually assigned to U.S. Bank as Trustee for the RMAC Trust Series 2016-CTT, and that U.S. Bank contracted with Capital One and Rushmore to provide loan servicing. ECF No. 14, page 5.

With respect to Capital One, Roles-Heintz alleges that Capital One had authority to modify the terms of the loan, and on February 5, 2014, offered her a permanent Mortgage Loan Modification, noting that she had met all preconditions to modify her loan. ECF No. 14, pages 5-6; *see also* ECF No. 14, Exhibit 1. Roles-Heintz alleges that she satisfied all conditions required to finalize the Mortgage Loan Modification Agreement, and that as early as February 12, 2014, Capital One was "contractually required to permanently modify the loan in accordance with the Mortgage Loan Modification Agreement." ECF No. 14, page 6. Between mid-February 2014 and the end of April 2014, she alleges that she called Capital One and was told that they could not locate the terms of the loan modification, and that it refused to accept mortgage payments. ECF No. 14, page 6. She also alleges that she was told to "apply again for a loan modification." ECF No. 14, page 6. Roles-Heintz further alleges that Capital One formally accepted the Mortgage Loan Modification Agreement on April 8, 2014, but at some unknown date after April 8, 2014, Capital One marked the Loan Modification Agreement with the statement "Not Honored" without her permission. ECF No. 14, pages 6-7; *see also* ECF No. 14, Exhibit 3. Subsequently, Capital One initiated two separate Complaints for Deed of Trust Foreclosure in Marion County Circuit Court, on February 6, 2015, and December 22, 2015, which were both dismissed for failure to prosecute. ECF No. 14, page 7. Roles-Heintz argues that Capital One "sought and continues to seek to recover" from her and the real property, "all fees and costs" for the two improper foreclosure actions. ECF No. 14, pages 7-8. Additionally, Roles-Heintz alleges that the loan was transferred to Rushmore, who serviced the loan from December 2017 through the present. ECF No. 14, page 8.

Based on these alleged facts, Roles-Heintz asserts her two remaining claims. For the breach of contract claim, she argues she had a contractual relationship with Capital One, and Capital One breached its duty of good faith and fair dealing owed to her. Specifically, she alleges Capital One failed to permanently modify the loan in accordance with the Loan Modification Agreement, and in fact, accepted the Loan Modification Agreement but without her permission marked it is as "Not Honored." *See* ECF No. 14, page 6. Based on that breach of contract, Roles-Heintz argues that she has been damaged.

For the Unlawful Trade Practices Act violation, Roles-Heintz alleges that Capital One "employed unconscionable tactics in performing/failing to perform [its] duties in servicing the loan," in violation of Oregon Revised Statutes (ORS) §646.608(1)(u) and OAR 137-020-0805 through one of more of the following ways: (1) assessing or collecting default-related fees or

charges that the servicer is not authorized to assess or collect; (2) misrepresenting borrower material information regarding a loan modification; (3) failing to comply with provisions of the Real Estate Settlement Procedures Act of 1974; and (4) failing to deal with her, the borrower, in good faith. ECF No. 14, page 16.

Capital One's Argument

Capital One argues under FRCP 12(b)(6), that the court must dismiss the First Amended Complaint, because it fails to state a claim. Specifically, Capital One argues that both the third and fifth claims for relief are barred by their specific statutes of limitations, and therefore Roles-Heintz is unable to state a claim as a matter of law. ECF No. 23, pages 6-8. In response, Roles-Heintz argues that the relevant statutes of limitations were tolled by Capital One's fraudulent concealment of the defaced loan modification documents. *See* ECF No. 30, Plaintiff's Response.

Neither party disputes the statutes of limitation related to the two causes of action. The statute of limitations for a breach of contract claim is six years under ORS §12.080, and it starts to run at the time the contract is breached. *See MAT, Inc., v. Am. Tower Asset Sub, LLC*, 312 Or. App. 7, 15 (2021); *Meunier v. Northwestern Mut. Life Ins. Co.*, 51 F. Supp. 3d 1023, 1036 (D. Or. 2014). Under ORS §646.638(6), the statute of limitations for a violation of the Unlawful Trade Practices Act is one year after the discovery of the unlawful method, act, or practice.

For the breach of contract claim, Capital One argues that Roles-Heintz's breach of contract claim was barred by the statute of limitations, because it was raised after the six-year statute of limitations period ran. ECF No. 23, pages 7-8. Capital One relies on *Frakes v. Nay*, 254 Or. App. 236, 263 (2012), which states that it "is well settled that a contract claim accrues on breach, and not when that breach is subsequently discovered." *Frakes*, at 263, citing *Waxman v. Waxman & Assocs., Inc.*, 224 Or. App. 499, 512 (2008) (internal quotation marks omitted). Capital One argues that based on the First Amended Complaint, the alleged breach of contract occurred on February 12, 2014, when Capital One allegedly refused to honor the loan modification agreement. ECF No. 23, page 8. Capital One further argues that even if February 12, 2014, is not the alleged date of the contract breach, the breach occurred no later than April 2014, "when Capital One allegedly told Plaintiff it could not locate the modification." ECF No. 23, page 8. Based on either date, Capital One argues the statute of limitations ran no later than April 2020 for the breach of contract claim. Therefore, Roles-Heintz's First Amended Complaint, which was filed almost four years past the statute of limitations date, is unable to state a claim for breach of contract.

For the violation of the Unlawful Trade Practices Act, Capital One argues that under ORS §646.638(6), actions under the Unlawful Trade Practices Act "must be commenced within one year after the discovery of the unlawful method, act or practice." ECF No. 23, page 7. Capital One argues that Roles-Heintz admitted in her First Amended Complaint that she was aware that Capital One had not modified her loan by April 2014. ECF No. 23, page 7, citing ECF No. 14, paragraph 18. In that paragraph, Roles-Heintz alleges that Capital One told her it could not locate the terms of the loan modification, and that she should "apply again" for a loan modification. ECF No. 14, page 6. Additionally, Capital One argues that Roles-Heintz confirmed in the First

Amended Complaint that Capital One had not serviced her loan since 2017. ECF No. 23, page 7, citing ECF No. 14, paragraph 24. Therefore, Capital One argues that at the latest, the statute of limitations for a violation of the Unlawful Trade Practices Act would have started to run in 2017, and would have passed in 2018. ECF No. 23.

Equitable Tolling

As noted above, Roles-Heintz argues that her two claims for relief against Capital One should not be barred because the relevant statutes of limitations were tolled by Capital One's fraudulent concealment of defaced loan modification documents. *See* ECF No. 30, Plaintiff's Response.

In 2021, the Oregon Court of Appeals examined equitable tolling based on fraudulent concealment, and wrote,

> [A] party claiming tolling based on fraudulent concealment must show that (1) the breaching party fraudulently concealed the fact of their breach and (2) notwithstanding reasonable diligence on the part of the nonbreaching party, the breaching party's wrongful conduct prevented the discovery of the breach.

*MAT, Inc.,* 312 Or. App. at 16. The Oregon Court of Appeals went on to further state that,

> [a]s we understand the case law, fraudulent concealment for tolling purposes is essentially the same as common-law fraud. *See Chaney v. Fields Chevrolet Co.*, 264 Or. 21 at 26-27, 503 P.2d 1239 (1972); *Fehl v. Horst*, 256 Or. 518, 524, 474 P.2d 525 (1970). When tolling applies, the statute of limitations runs from the date that the nonbreaching party discovered the breach or, with the exercise of reasonable diligence, should have discovered the breach.

*MAT, Inc.,* 312 Or. App. at 16.

Common law fraud in Oregon requires the following:

> (1) the accused had falsely represented a material fact; (2) the accused knew that the representation was false: (3) the misrepresentation was made with the intent to induce the recipient to act or refrain from acting; (4) the recipient justifiably relied on the misrepresentation; and (5) the recipient was damaged by that reliance.

*Pollock v. D.R. Horton, Inc.-Portland*, 190 Or. App. 1, 20 (2003).

Equitable Tolling for Breach of Contract Claim

In the First Amended Complaint, Roles-Heintz alleges that Capital One breached its contract by signing and accepting the Loan Modification Agreement on April 8, 2014, but subsequently, and without her permission, marking the Agreement with the words "Not

Honored." *See* ECF No. 14, pages 6-7. She further alleges that when she called Capital One between mid-February 2014 and the end of April 2014, to determine the status of the Loan Modification Agreement, she was told by Capital One representatives that they could not locate the terms of the loan modification, was told to file a new request for a loan modification, and that Capital One refused to accept mortgage payments. ECF No. 14, page 6.

Drawing all reasonable inferences in favor of Plaintiff, Roles-Heintz's allegations are enough to prevail on a claim of equitable tolling with respect to a breach of contract claim. Roles-Heintz sufficiently alleged that Capital One fraudulently concealed the fact of its breach when she noted that Capital One told her over the phone that they could not locate the terms of the loan modification, yet a Loan Modification Agreement dated April 8, 2014, containing the notarized signature of a person acting on behalf of Capital One, existed. Further, Roles-Heintz alleged sufficient facts to show that despite her reasonable diligence in following up with Capital One, its conduct prevented discovery of the breach.

Additionally, turning to the underlying breach of contract claim, I also find that when drawing all reasonable inferences in favor of Roles-Heintz she alleged facts sufficient to raise a claim for breach of contract. Capital One correctly states that a breach of contract claim must be commenced "within six years of its accrual." *See Frakes*, 254 Or. App. at 263. And that "it is well settled that a contract claim accrues on breach, and not when that breach is subsequently discovered." *Id.*, citing *Waxman*, 224 Or. App. at 512. However, the court in *Waxman* further states that with respect to when a breach of contract claim starts to accrue, "[t]he one exception to that rule applies in cases of fraudulent concealment." *Waxman*, at 512, citing *Chaney v. Fields Chevrolet*, 264 Or. at 27. As noted, Roles-Heintz has alleged sufficient facts to support a claim of equitable tolling. Therefore, she has alleged sufficient facts to raise a breach of contract claim against Capital One.

<u>Equitable Tolling for Violation of the Unlawful Trade Practices Act</u>

Turning next to the Unlawful Trade Practices Act, Roles-Heintz similarly alleges that Capital One signed and accepted the Loan Modification Agreement on April 8, 2014, but subsequently, and without her permission, marked the Agreement with the words "Not Honored." *See* ECF No. 14, pages 6-7. Again, Roles-Heintz alleges that she contacted Capital One to determine the status of the Loan Modification Agreement and was told it could not locate the terms of the loan modification, that she should "apply again" for a loan modification, and that it would not accept mortgage payments. ECF No. 14, page 6.

Roles-Heintz further alleges that Capital One initiated two separate foreclosure proceedings related to the Property. First, she alleges Capital One initiated a Complaint for Deed of Trust Foreclosure in Marion County Circuit Court on February 6, 2015, against her and the Property, in Marion County Case No. 15CV03063. ECF No. 14, page 7. She alleges the complaint was dismissed without prejudice for Capital One's failure to prosecute its claim. ECF No. 14, page 7. Next, she alleges Capital One initiated a second Complaint for Deed of Trust Foreclosure in Marion County Circuit Court on December 22, 2015, against her and the Property in Marion County Case No. 15CV34229. ECF No. 14, pages 7-8. She alleges that the second

complaint was also dismissed without prejudice for Capital One's failure to prosecute its claim. ECF No. 14, page 7. Finally, Roles-Heintz alleges that Capital One sought and continues to seek to recover from her and the Property all fees and costs associated with both cases. ECF No. 14, pages 7-8.

Reviewing the alleged facts and drawing all reasonable inferences in favor of Roles-Heintz, I find that the First Amended Complaint alleges sufficient facts to show equitable tolling of a claim for a violation of the Unlawful Trade Practices Act. Roles-Heintz alleges Capital One fraudulently concealed its violation of the Unlawful Trade Practices Act when it allegedly mispresented material information regarding the loan modification when a representative spoke with her on the phone. Additionally, Roles-Heintz alleged Capital One pursued subsequent foreclosure actions and actions to recover fees, despite never informing Roles-Heintz that the Loan Modification Agreement was accepted and then later rejected without her permission. These alleged facts are sufficient to prevail on a claim of equitable tolling relating to a claim for an alleged violation of the Unlawful Trade Practices Act.

For these reasons, I will deny Capital One's motion to dismiss for the Third Claim for Relief (Breach of Contract) and the Fifth Claim for Relief (Violation of Oregon's Unlawful Trade Practices Act – ORS §646.608). Additionally, as noted above, I will grant Capital One's motion to dismiss for the First Claim for Relief (Declaratory Judgment) and the Second Claim for Relief (Specific Performance).

I will enter a separate order consistent with this opinion. Pursuant to FRBP 7012(a), Capital One has fourteen (14) days from entry of that order to file an appropriate responsive pleading.

Very truly yours,

Thomas M. Renn
Chief Bankruptcy Judge